■ TERRY TANE, Appellant, v WHIPPLE-ALLEN CONSTRUCTION CO., INC., Respondent, and CHADWICK BAY HOTEL CORPORATION, Doing Business as SHERATON HARBORFRONT INN, Respondent-Appellant and Third-Party Plaintiff-Appellant. BEKINS DISTRIBUTION SERVICES CO. et al., Third-Party Defendants-Respondents. (Appeal No. 1.) [666 NYS2d 71] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of the motion of defendant Chadwick Bay Hotel Corporation, doing business as Sheraton Harborfront Inn (Chadwick), that sought a conditional judgment on its cross claim for contractual indemnification against defendant Whipple-Allen Construction Co., Inc. (Whipple-Allen). Chadwick demanded an answer in its cross claim (*see*, CPLR 3011), and Whipple-Allen failed to interpose one. Thus, the allegations in Chadwick's cross claim are deemed admitted (*see, Sarfati v Hittner & Sons*, 35 AD2d 1004, 1005, *affd* 30 NY2d 613). We therefore modify the order by granting Chadwick a conditional judgment on its cross claim for contractual indemnification.

■ TERRY TANE, Respondent, v WHIPPLE-ALLEN CONSTRUCTION CO., INC., Defendant, and CHADWICK BAY HOTEL CORPORATION, Doing Business as SHERATON HARBORFRONT INN, Appellant and Third-Party Plaintiff. BEKINS DISTRIBUTION SERVICES CO. et al., Third-Party Defendants-Appellants. (Appeal No. 2.) [667 NYS2d 587] —Order unanimously reversed on the law without costs and summary judgment against defendants and third-party defendants denied. Memorandum: Supreme Court erred in granting plaintiff summary judgment against defendants and third-party defendants based on the doctrine of res ipsa loquitur. Plaintiff did not move for summary judgment against third-party defendants on that ground and, more importantly,

did not assert any claim against them. In any event, the doctrine of res ipsa loquitur "merely permits the jury to infer negligence from the circumstances of the occurrence. The jury is thus allowed—but not compelled—to draw the permissible inference" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 495). Consequently, the doctrine of res ipsa loquitur does not entitle a plaintiff to summary judgment. (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.